(25 Misc. Rep. 309.)

### WEEHAWKEN WHARF CO. v. KNICKERBOCKER COAL CO.

(City Court of New York, General Term. November 18, 1898.)

APPEAL—ORDER CARRYING COSTS.

Under Code Civ. Proc. § 779, providing that, where costs of a motion are awarded, all proceedings in the action on the part of the party required to pay the same, "except to review or vacate the order," are stayed until the payment thereof, an appeal from an order carrying costs may be had without paying the costs awarded by such order.

Appeal from special term.

Action by the Weehawken Wharf Company against the Knickerbocker Coal Company. From an order compelling plaintiff to accept a notice of appeal without payment of the costs awarded plaintiff, it appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

James R. Rogers, for appellant.
Edwards & Bryan, for respondent.

CONLAN, J.   This is an appeal from an order of the special term compelling the plaintiff to accept notice of appeal to the appellate term of the supreme court from an order of the general term of this court, affirming an order denying a motion to vacate a warrant of attachment previously granted to plaintiff.   The plaintiff refused to accept notice of appeal because the $10 costs granted by the general term order of this court had not been paid.   The real contention of the plaintiff is that there could be no appeal from the order until the costs imposed thereby were paid.   Let us see.   It is provided by section 779 of the Code that, so far as the order in question is concerned, and any other order imposing costs, for that matter, all proceedings on the part of the party required to pay the same, except to review or vacate the order, are stayed without further direction of the court.   Clearly, then, the party appealing had the right, under this section, to move to vacate the order without paying the costs; and it is equally clear that he had also the right to review the same without such compliance, else the language quoted is meaningless. The words "to review" must be taken to mean to review on appeal, for that is the only method we know of where a review may be had. It certainly could not have meant renewal of the motion, or a resettlement of the order, or it would have said so.   The words "to review" mean simply that the court on appeal may be asked to consider the question presented below as the ground for the determination in the order.   The cases cited on the appellant's brief, and particularly the case of Cohn v. Husson (Super. N. Y.) 6 N. Y. Supp. 512, are not authority in a case like the one here presented.   There was no attempt to appeal from the order imposing costs, but the appeal was from the judgment in the action, and the court held that the order imposing costs operated as a stay of all further proceedings until the costs were paid; and the question of a right to review on appeal was not raised, and, of course, not, therefore, determined.   We cannot deprive a party of a right expressly given by statute, and he does not appear on the record to have waived anything that would operate to his prejudice.

The order appealed from must be affirmed, with costs.

FITZSIMONS, C. J., concurs.